## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**CHRISTOPHER POGASH**

    **Plaintiff,**              **CASE NO.:**

**vs.**

**SHANDS TEACHING HOSPITAL AND
CLINICS, INC., d/b/a UF HEALTH JACKSONVILLE,
and
MERCHANTS ASSOCIATION COLLECTION
DIVISION INC. d/b/a SHERLOQ FINANCIAL,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Christopher Pogash, and alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, et. seq. ("FCCPA"), against Defendants, Shands Teaching Hospital and Clinics, Inc. d/b/a UF Health Jacksonville ("UF Health") and Merchants Association Collection Division Inc. d/b/a Sherloq Financial ("Sherloq"), for collecting on an already paid-for and settled debt and states:

### JURISDICTION

1.     Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

1

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA) by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in that the Defendant does business in Duval County, Florida, the Plaintiff resides in Duval County, Florida and the violations occurred in Duval County, Florida.

## PARTIES

4. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and Florida Statute § 559.55(8).

5. Defendant Sherloq is a corporation operating from an address of 10625 Techwoods Circle, Cincinnati, Ohio and is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) and Florida Statute § 59.55(7).

6. Defendant Sherloq is engaged in the business of purchasing consumer debt in default and collecting those debts in the State of Florida and is therefore subject to the FDCPA.

7. Defendant Sherloq is registered as a Consumer Collection Agency with the State of Florida and has an active License Number of CCA9901.

8. Defendant Sherloq is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural

persons who are citizens of Florida using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

9. Specifically, Defendant Sherloq is a debt buyer that collects debts it purchased in default.

10. Defendant UF Health is a hospital in Jacksonville, Florida. It is a "creditor" as that term is defined by the FCCPA and a "person" as that term is indicated in Fla. Stat. §559.72 et seq.

11. At all material times herein, Defendant UF Health attempted to collect a consumer debt incurred by Plaintiff in the form of a medical debt.

## FACTS COMMON TO ALL COUNTS

12. The Plaintiff allegedly incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5) and §559.55(6), Fla. Stat., specifically a medical debt from Defendant UF Health.

13. The Debt was originally in the amount of $827.90 (Acct No. 103810405).

14. In February 2023, Plaintiff received a letter from Defendant UF Health dated February 13, 2023 for a promotional offer of 50% off of his remaining balance if he paid half of the balance within thirty (30) days. By paying 50%, Defendant would mark the debt as paid in full.

15. On February 19, 2023, Plaintiff followed the instructions per the letter from Defendant UF Health and paid 50% of the balance owed, or $413.95. Among the instructions was providing Defendant UF Health with his credit card information. *See*

*Letter attached as Exhibit A.*

16. However, following the payment, Plaintiff found on his credit card statement that he was actually charged for the full amount of $827.90.

17. Plaintiff called Defendant UF Health to rectify the billing error and request a refund for half the amount charged but the agent for Defendant stated that they would be unable to issue a refund for the partial amount.

18. On April 28, 2023, Plaintiff filed a dispute with his credit card company for the $413.95 amount that had been paid to Defendant UF Health. Plaintiff's credit card company refunded the amount. *See Exhibit B.*

19. On July 6, 2023, Plaintiff was issued a new bill from Defendant UF Health that he now had an outstanding balance of the same $413.95. This balance included the payment of 50% which was not refunded. *See Exhibit C.*

20. On or about August 16, 2023, Defendant Sherloq took over the collection account from Defendant UF Health and sent Plaintiff a collection letter demanding payment of $122.57. *See Exhibit D.*

21. Defendant UF Health attempted to collect the full amount of a Debt after agreeing to a discounted settlement. Then, when it was forced to accept the discounted settlement, it sold the Debt to Defendant Sherloq to collect.

22. Defendants' collection methods are abusive, deceptive, and unfair since Defendants attempted to collect on a Debt that Plaintiff did not owe.

23. Defendants' illegal collection communications as more fully described above

were the direct and proximate cause of emotional distress on the part of Plaintiff.

24. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.
## SHERLOQ

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

26. The Defendant Sherloq is a debt collector as defined by the Fair Debt Collection Practices Act (FDCPA). § 15 USC 1692 803(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. This includes entities that collect on debts that were purchased in default.

27. The foregoing acts and omissions of Defendant by attempting to collect a Debt which was already paid constitute numerous and multiple violations of the FDCPA including, but not limited to, violating 15 U.S.C. § 1692(e)(2) and (10) because it falsely represented the character, amount or legal status of a debt, and used false representation or

5

deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer. Further, Defendant violated 15 U.S.C. §1692f(1) in that Defendant engaged in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

WHEREFORE, as a result of Defendant Sherloq's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II:
## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION
## SHERLOQ

28. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

29. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (*Fla. Stat. §§559.55 to 559.785*).

30. By falsely taking collection action against Plaintiff, Defendant has violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass."

31. Defendant has also violated Florida Statutes, §559.72(9) which provides: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that

the right does not exist." Specifically, Defendant had **no legal right** to collect on a Debt which had been paid and settled.

32. As a direct and proximate result of Defendant's action, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

33. Plaintiff has retained the undersigned attorney for the purposes of pursuing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## COUNT III:
## FLORIDA CONSUMER COLLECTION PRACTICES ACT VIOLATION
## UF HEALTH

34. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

35. This is an action for damages for violation of the "Florida Consumer Collection Practices Act." (*Fla. Stat. §§559.55 to 559.785*).

36. By collecting more than the amount agreed-to and selling the resulting debt account to Defendant Sherloq, Defendant has violated Fla. Stat. § 559.72(7) by "willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass."

37. Defendant has also violated Florida Statutes, §559.72(9) which provides: "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Specifically, Defendant had no legal right to collect more than an agreed-to debt and then, failing that, selling the account to a debt collector.

38. As a direct and proximate result of Defendant's action, Plaintiff has sustained damages as defined by Fla. Stat. §559.77 including, but not limited to, emotional distress and fear, embarrassment, damage to his reputation and credit worthiness, and other damages. These damages have been incurred and will continue to be incurred in the future.

39. Plaintiff has retained the undersigned attorney for the purposes of pursuing this matter against Defendant and is obligated to pay said attorney a reasonable fee for his services. The Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2), provides for an award of attorney's fees should Plaintiff prevail in this matter.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## COUNT IV
## BREACH OF CONTRACT
## UF HEALTH

40. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

41. Plaintiff and Defendant entered into a contract when Plaintiff followed the instructions on the settlement letter, *Exhibit A*, and Defendant accepted payment.

42. Defendant breached the contract by withdrawing double the amount that was agreed to and sending the account into collections after agreeing to settlement terms.

43. As a result of this breach, Defendant UF Health damaged Plaintiff in the form of actual damages to his bank account and to his credit. These damages are ongoing and will continue.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, injunctive relief, punitive damages, attorney's fees, costs, interest, and such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 5th day of January, 2024.

STORY GRIFFIN

*/s/ Max Story, Esquire*
Max Story, Esquire
Florida Bar No.: 0527238
Austin J. Griffin, Esquire
Florida Bar No.: 117740

9

328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
(904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff